IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MCCALL SCADLOCK and ASHLEY KINDRED,**<br><br>Plaintiffs,<br><br>v.<br><br>**INTERMOUNTAIN HEALTH CARE, INC. PRIMARY CHILDREN'S HOSPITAL, and LEHI CLINIC AND INSTACARE,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR AN EXTENTION AND DENYING INTERMOUNTAIN'S SHORT FORM DISCOVERY MOTION**<br><br>Case No. 2:19-cv-00555-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Currently pending before this court are the following motions: (1) Defendants Intermountain Health Care Services, Primary Children's Hospital and Lehi Clinic and Instacare's (collectively "Intermountain" or "Defendants") Short Form Discovery Motion Re: Plaintiffs' Expert Report; (2) Plaintiffs McCall Scadlock and Ashley Kindred's (collectively "Plaintiffs") Motion to Extend the Deadline to File Expert Witness Report; and (3) Defendants' Motion for Amended Scheduling Order. (ECF No. 37; ECF No. 38; ECF No. 48.)

## BACKGROUND

1. This litigation involves a dispute as to whether Defendants made proper accommodations under the ADA for Plaintiffs who are Deaf and bilingual in English and American Sign Language. (ECF No. 2 at ¶ 1.)

2. On September 17, 2020, the court entered a stipulated Scheduling Order requiring submission of Plaintiffs' expert disclosures, including the "subject and identity of experts and expert reports," by August 31, 2021. (ECF No. 35 at 3.)

3. Plaintiffs, through their counsel Mr. Jared Allebest ("Mr. Allebest"), identified seven expert witnesses by the August 31st deadline, but failed to include any expert reports as required under the Scheduling Order and Federal Rule 26. (ECF No. 37-1) *See* Fed. R. Civ. P. Rule 26(a)(2)(B).

4. As a result, on September 9, 2021, Intermountain filed a short form Motion to Strike Plaintiffs' Expert Report and to preclude Plaintiffs from presenting expert testimony.[1] (ECF No. 37); *see* DUCivR 37-1.

5. In response, Plaintiffs filed a Motion to Extend the Deadline to file their expert reports citing excusable neglect for their failure to timely file reports. (ECF No. 38.) Included with the Motion is the expert report of Mr. Corey Axelrod, MBA ("Mr. Axelrod"). (*Id.* at 13-62.)

6. On October 11, 2021, Defendants moved to amend the Scheduling Order and vacate the remaining expert deadlines. (ECF No. 48.)

## STANDARD OF REVIEW

Several rules govern this Court's analysis of the parties' pending motions. First, Federal Rule of Civil Procedure 26(a)(2) requires the disclosure of expert testimony and production of

---

[1] In response to Defendants' Short Form Motion to Strike Plaintiffs' Expert Report (ECF No. 37), Plaintiffs filed an opposition in excess of the short form five hundred (500) word count limit. (ECF No. 39); *see* DUCivR 37-1(b) (opposition should not exceed 500 words exclusive of caption and signature block). Rather than strike Defendants' over-length filing, the Court issued a Docket Text Order extending Intermountain the opportunity to file a full-length Reply Memorandum. (ECF No. 40.) Curiously, on September 17, 2021, along with their original opposition, Plaintiffs filed two additional short form memorandums in opposition to the Defendants' Motion to Strike. (ECF No. 41; ECF No. 42.) Because Plaintiffs previously filed their opposition (ECF No. 39), the Court will not consider the additional opposition memorandums. (ECF No. 41; ECF No. 42.)

expert reports. *See* Fed. R. Civ. P. 26(a)(2)(B). Under Rule 26, a party's expert disclosure "must be accompanied by a written report" including: (1) a statement of the expert's opinions and the bases therefor; (2) the facts considered; (3) any exhibits; (4) publications in the last ten (10) years; (5) testimony given during the previous four (4) years; and (6) compensation. Fed. R. Civ. P. 26(a)(2)(B). A party that fails to provide the information required under Rule 26 "is not allowed to use that information or witness . . . unless the failure was substantially justified or is harmless". Fed. R. Civ. P. 37(c).

Second, a Scheduling Order confirms dates by which the parties are required to provide the identity of experts and expert reports. The dates set forth in a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Finally, Rule 6 of the Federal Rules of Civil Procedure allows the court to extend deadlines, after the deadline has expired, for good cause and when there is excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). A determination of whether neglect is excusable is an "equitable one, taking account of all relevant circumstances surrounding the party's omission." *United States v. Torres,* 372 F.3d 1159, 1162 (10th Cir. 2004) (quotation omitted).

## DISCUSSION

When a party misses a court-ordered deadline, Rule 6 governs enforcement and allows the court to extend a deadline for "good cause" if the "party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Good cause requires "at least as much as would be required to show excusable neglect . . . ." *Zemaitiene v. Salt Lake County,* 2021 U.S. Dist. LEXIS 45883 at *7 (D. Utah March 10, 2021) (*citing In re Kirkland,* 86 F.3d 172, 175 (10th Cir. 1996)).

Key factors for a court to consider when evaluating excusable neglect include: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact

on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant has acted in good faith." *Id.* at *8 (internal quotation and citation omitted).

Here, it is undisputed that Plaintiffs' disclosure was deficient for failure to include expert witness reports.[2] (ECF No. 37-1.) Plaintiffs now move, however, to extend the deadline within which to file Mr. Axelrod's report[3] based on Mr. Allebest's assertion that he made "a harmless filing error due to excusable neglect." (ECF No. 38 at 5.)

In considering Mr. Allebest's argument, the court applies the factors relevant to the excusable neglect analysis. *Id*; *see also* Fed. R. Civ. P. 6(b)(1)(B).

**Prejudicial Effect & Delay**

Under the first factor the court examines the danger of prejudice to Defendants. The second factor examines the length of delay and any impact the delay may have on the proceedings. Because the first and second factors are linked, they are addressed together.

Plaintiffs sought an extension of time to file their report approximately two weeks after the expert report was due. A two-week delay is brief, and at this stage in the litigation any

---

[2] Plaintiffs' Expert Witness Disclosures, as served on August 30, 2021, identifies seven experts along with a short paragraph describing each expert. (ECF No. 37-1.) The description, however, does not contain any of the information required under Rule 26. *See* Fed. R. Civ. P. 26(a)(2)(B). In turn, at least one of the experts, Dr. Stacia L. Moyer, is identified as "Barbie Johnston's OB/GYN doctor." (*Id.* at 3.) Ms. Johnston, however, is not a named party to this action (although she is represented by Mr. Allebest in a separate federal court action, *see Johnston v. Intermountain Healthcare*, Case No. 1:18-cv-0003) and the appropriateness of Dr. Moyer as an expert in this case, based on her medical relationship with a non-party, is unclear.

[3] It appears that the only expert report Plaintiffs seek to admit is the report of Mr. Axelrod which is attached to their memorandum in opposition. (ECF No. 38 at 13-62.)

prejudice to Intermountain is minimal. Dispositive motions have not been filed and a trial date has not been set. Additionally, to remedy any potential prejudice and limit its impact on the proceedings, the court may extend the deadline for Intermountain to oppose the merits of Plaintiffs' expert report[4] as well as the deadline to supply experts necessary for its own defense. As a result, the first and second factors weigh in favor of Plaintiffs.

### Reasons for Delay

The next factor examines the reasons for delay with an emphasis on whether delay was within the reasonable control of the movant. The reason for delay "is an important, if not the most important factor in this analysis." *Finneman v. Delta Airlines,* 2021 U.S. Dist. LEXIS 131517 at *9 (D. Utah Mar. 10, 2021). Mr. Allebest offers several reasons for his failure to timely file Plaintiffs' expert reports: (1) counsel's status as a solo practitioner; (2) technological issues; (3) a misunderstanding of the deadline; (4) a family vacation and the death of a close friend; and (6) opposing counsel's failure to remind Plaintiffs of the deadline.

#### 1. Solo Practitioner

Mr. Allebest asserts he "is a sole practitioner with multiple clients, but no support staff to assist with tracking filing deadlines." (ECF No. 38 at 2.) The argument appears to be Mr. Allebest works alone; ergo, he does not have to meet court ordered deadlines. This reasoning is not persuasive. The demands of a law practice are real and present and all attorneys, including sole practitioners, are expected to follow court ordered deadlines. Plaintiffs' counsel's status as a

---

[4] Intermountain asserts Mr. Axelrod's report contains "inadmissible legal conclusions, opinions on ultimate issues, and opinions on issues not relevant to the issues presented in this case." (ECF No. 43 at 5.) While Defendants' arguments may have merit, the court does not reach those substantive issues. Rather, in this context, the court only considers Defendants' procedural challenges related the untimeliness of Plaintiffs' expert report.

sole practitioner does not support a claim of excusable neglect. *See McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) ("[t]he fact that counsel has a busy practice does not establish 'excusable neglect'") *cert. denied*, *McLaughlin v. LaGrange,* 456 U.S. 979; 102 S. Ct. 2249; 72 L. Ed. 2d 856 (1982).

### 2. Technological Issues

Next, Mr. Allebest claims he experienced non-specific "technological issues" that "lasted several days" and "prevented the acquisition of the expert witness report." (ECF No. 38; ECF No 38-1); *Affidavit of Jared Allebest* (ECF No. 38-1.)

Technological issues are commonplace in today's world and can be the cause of great frustration. Yet here it does not appear that Mr. Allebest attempted to inform opposing counsel of his technological issues prior to the August 31st deadline. Rather, Mr. Allebest only informed opposing counsel about "severe technological issues" with his wifi several days *after* Plaintiffs' expert report was due. (ECF No. 44-1.) Further, the severe technological issues encountered do not appear to have prohibited Mr. Allebest from sending a portion of the expert disclosures to Defendants (ECF No. 37-1), or from filing a complaint and summons in a new, but separate, federal court action on August 31, 2021—the expert report cut-off date. *See Gonzalez v. Lone Peak Surgery Center,* Case No.: 2-21-cv-00517-CMR.

### 3. Misunderstanding

Mr. Allebest admits that an "important filing deadline was missed" but argues it was "through no fault of his own [that] a harmless error was made due to excusable neglect." (ECF No. 38 at 4.) Mr. Allebest explains that he missed the deadline because he misunderstood the scheduling order and believed that he could file the expert reports at a later date. (ECF No. 44-1.) A misunderstanding of the rules or scheduling order does not support a finding of delay for

6

purposes of establishing excusable neglect. *See Paterson v. SK5 Wolverine Crossing, LLC,* 2018 U.S. Dist. LEXIS 74650 at * 6 (D. Utah May 1, 2018) (*citing Pioneer Inv. Servs Co.,* 507 U.S 380, 391-92) (1993) ("ignorance of the rules and mistakes construing the rules generally do not constitute excusable neglect")).

### 4. Family Vacation and Death of a Close Friend

While saddened by Mr. Allebest's loss of a close friend, neither his friend's death nor his family vacation are relevant to the delay since both events occurred after the August 31, 2021, expert report deadline expired. (ECF No. 44-1.)

### 5. Opposing Counsel

Finally, coupled with the other justifications is Mr. Allebest's perplexing assertion that it was Intermountain's duty to remind him of important deadlines and that Defendants' failure to do so was a violation of the rules of professional conduct. This claim is inaccurate and inappropriate. The court ardently rejects the assertion that Defendants were obligated to remind opposing counsel of pertinent deadlines and that a failure to do so was somehow a violation of professional rules. To the contrary, it is Mr. Allebest's responsibility alone, as an officer of this court, to ensure compliance with all court ordered deadlines on behalf of his clients. Moreover, Defendants are under no obligation to stipulate to an extension of time to allow the Plaintiffs to file their expert reports. This is especially true in circumstances such as here where Defendants' counsel believes that an extension would be prejudicial to their clients.

Overall, the court is not persuaded by any of the reasons offered by Mr. Allebest for the delay in filing Plaintiffs' expert reports. As a result, the delay factor weighs in favor of Intermountain.

**Good Faith**

The final factor is whether Plaintiffs, as the moving parties, acted in good faith. Defendants assert a lack of good faith based on Mr. Allebest's continued failure to meet court ordered deadlines. Indeed, in 2019 this court was presented with a nearly identical situation involving Mr. Allebest. *See Johnston v. Intermountain Healthcare*, Case No. 1:18-cv-0003-DN-DBP. (ECF No. 66.) In that case, this court awarded attorney fees[5] but allowed Plaintiffs to file their untimely expert reports. Specifically, Mr. Allebest argued excusable neglect for his failure to submit timely reports because his experts faced various personal challenges (family tragedy, accident, termination from unemployment benefits) and because he was "out of town on a prearranged vacation and did not have access to his email while he was away." *Johnston,* 1:18-cv-0003 (ECF No. 60 at 2.) The similarity between Mr. Allebest's arguments in *Johnston* and those offered in the current matter do not go unnoticed.

While past conduct does not evidence a per se showing of bad faith, over time it can demonstrate a pattern of indifference to the good faith requirement. Here, because the court has no direct evidence of bad faith, this factor weighs slightly in favor of Plaintiffs. Nonetheless, what appears to be a recurrent pattern of failing to adhere to court ordered deadlines is concerning and if continued will likely evidence bad faith.

---

[5] Mr. Allebest objected to this court's attorney fee award and argued that his failure to comply was excusable because he was busy with other matters and out of town. (ECF No. 98, ftn. 2.) The District Court disagreed and overruled the objection requiring Mr. Allebest to pay the overdue fee award. (ECF No. 131.) *See Johnston v. Intermountain Healthcare*, 2019 U.S. Dist. LEXIS 202306 at *8-10 (D. Utah Nov. 20, 2019).

**CONCLUSION**

Upon review, the court finds that several factors weigh in favor of Plaintiffs, while others weigh in favor of Defendants. On balance, given the limited harm to Defendants and the court's ability to cure prejudice, the court denies Defendants' motion to strike. The court reaches this conclusion, however, only by the slimmest of margins.[6]

While any harm related to progression of the litigation is minimal, Defendants are prejudiced by having to engage in unnecessary motion practice stemming from Mr. Allebest's untimeliness. Admittedly, awarding fees and costs to the non-prevailing party is unconventional. Yet here, an award of fees and costs strikes a proper balance between the specious reasoning offered for the delay, the narrow margin by which Plaintiffs advance and the court's desire to have cases decided on their merits.

Accordingly, as set forth below, the court orders Mr. Allebest to pay Defendants' attorney fees and costs incurred in connection with its own discovery motions and its responses to Plaintiffs' Motion for Extension. (ECF No. 37; ECF No. 43; ECF No. 44; ECF No. 45); *see* Fed. R. Civ. P. 37(c).

**ORDER**

For the reasons stated, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Extend Deadline to Extend Deadline to File Expert Report is GRANTED. (ECF No. 38.) Plaintiffs' Expert Report of Mr. Axelrod, as included in their Motion for Extension, shall be Plaintiffs' only permitted expert report. (ECF No. 38 at 13.)

---

[6] While not a factor, the court recognizes that the Plaintiffs themselves are presumably without fault as to Mr. Allebest's untimeliness.

      2.      Intermountain's Short Form Discovery Motion to Strike Expert Report is DENIED. (ECF No. 37.)

      3.      Within ten (10) days from the date of this Ruling, Defendants shall submit an affidavit in support of attorneys' fees and costs incurred in connection with its Motion and Memoranda in Opposition. (ECF No. 37, ECF No. 43, ECF No. 44, ECF No. 45, ECF 46; ECF No. 48.)

      4.      Once the affidavit is submitted, the court will issue an order related to the award of attorneys' fees and costs. Thereafter, Plaintiffs' counsel will be ordered within a reasonable time to pay the attorneys' fee and costs awarded and shall submit certification of payment of such costs and fees.

      5.      Consistent therewith, Defendants' Motion to Amend Scheduling Order is GRANTED (ECF No. 48.) The parties shall meet and confer and submit a proposed stipulated amended scheduling order to the court no later than close of business on **October 27, 2021.**

      DATED this 20 October 2021.

_____
Dustin B. Pead
United States Magistrate Judge